**\*E-FILED 02-28-2011\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICARDO VILLANUEVA and ROGELIO TOPETE,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>AKKAYA, INC., dba RISTORANTE DON GIOVANNI, JOHN AKKAYA, DOES 1-10,<br><br>　　　　　Defendant.<br>_____/ | No. C10-02342 HRL<br><br>**ORDER (1) GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS; AND (2) DENYING PLAINTIFFS' MOTION TO CONTINUE HEARING**<br><br>[Re:　Docket Nos. 23, 27] |

　　　　Plaintiff Ricardo Villanueva[1] was employed by defendants on various occasions. According to defendants, his most recent period of employment with them was from November 29, 2007 through June 9, 2009 when defendants say plaintiff was fired because of repeated failures to appear for work.

　　　　On March 31, 2009, during his employment with defendants, Villanueva filed for bankruptcy. He was discharged from bankruptcy on June 30, 2009, i.e., some three weeks after defendants terminated his employment. And, on July 1, 2009, his bankruptcy case was closed. Villanueva filed the instant lawsuit on May 27, 2010, claiming unpaid overtime and other benefits and penalties incurred during a four-year period preceding the instant action.

---

[1]　　　Defendants assert, and plaintiff does not deny, that Villanueva's legal name is Ricardo Villanueva Bautista. For simplicity, the court will refer to him as "Villanueva" here.

Defendants now move for judgment on the pleadings (or, alternatively, for summary judgment) as to Villanueva. Specifically, defendants argue that Villanueva lacks standing to pursue his claims because (a) the claims belong to the bankruptcy estate and (b) Villanueva never disclosed the claims to the bankruptcy court.

Villanueva failed to oppose the motion, and the deadline for any opposition lapsed on February 15, 2011. Instead, on February 22, 2011, Villanueva filed a motion (a) advising that he has contacted the bankruptcy trustee's office; and (b) the trustee indicated that she may seek to reopen Villanueava's bankruptcy case and to obtain counsel to pursue the instant litigation. As such, Villanueva requests that the hearing on defendant's motion to dismiss be continued for up to one month and that all briefing deadlines be re-set. Notably, however, Villanueva concedes that his claims belong to the bankruptcy estate. (Docket No. 27 at 1). "Courts have held that because an unscheduled claim remains the property of the bankruptcy estate, the debtor lacks standing to bring such claims after emerging from bankruptcy, and the claims must be dismissed." Kunica v. St. Jean Financial, Inc., 233 B.R. 46, 53 (S.D.N.Y. 1999). And, whether or not the trustee seeks to enter these proceedings remains to be seen.

Accordingly, defendants' motion is granted, and Villanueva's motion for a continuance is denied. The March 8, 2011 motion hearing is vacated. CIV. L.R. 7-1(b). Villanueva's claims are dismissed. The dismissal is without prejudice to the trustee to seek leave to pursue the claims here.

SO ORDERED.

Dated:   February 28, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

1  5:10-cv-02342-HRL Notice has been electronically mailed to:

2  Adam Wang     adamqwang@gmail.com, alpedersen@gmail.com, rosilenda@gmail.com

3  Adam Lee Pedersen     alpedersen@gmail.com

4  Matthew James Jensen     mjj@matthewjensenlaw.com

5  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.